CULPEPPER, Judge.
The plaintiff, Leslie A. Sullivan, Jr., filed this suit against his wife for separation from bed and board on the grounds of habitual intemperance and certain acts of ill-treatment. The defendant wife reconvened, seeking a judgment of separation on the grounds of abandonment. From a judgment in favor of the wife on her recon-ventional demand, the husband has appealed.
The substantial issue is whether the husband has proved the wife guilty of habitual intemperance or acts of ill-treatment which rendered their living together insupportable, within the meaning of LSA-C.C. Article 138, Par. 3.
The general background of this marriage shows that Mr. and Mrs. Sullivan were married in 1956, since which time they have maintained a matrimonial domicile in Calcasieu Parish. No children were born of this union. Mr. Sullivan has been employed in a responsible position in the right of way department of Gulf States Utilities Company for many years. His income is sufficient that the trial judge awarded Mrs. Sullivan alimony pendente lite in the sum of $200 per month and this amount is not at issue on appeal. On social occasions they both drank alcoholic beverages.
Mrs. Sullivan recently suffered a nervous breakdown and was still under the treatment of a psychiatrist at the time of the separation. On this physician’s prescription she was taking a sedative. When alcohol was taken in addition, it could cause a stuperous condition.
The husband contends generally that during the past several years, on an average of several times a week, the wife consumed excessive amounts of alcoholic beverages. Plaintiff’s testimony to this effect is corroborated by Mrs. Marian Sullivan, his sister-in-law, who related that she and her husband finally stopped inviting plaintiff and his wife to their home because *200 the defendant would fill a water glass with whisky, burn holes in the tables, use vile language and generally would be in a drunken stupor.
Mr. and Mrs. Holly Hughes, respectively the brother-in-law and sister of plaintiff, testified as to an occasion on September 23, 1967 at a fishing camp on Big Lake. Plaintiff and defendant had gone there for his two-week vacation and had invited the Hughes to visit. Mr. and Mrs. Hughes testified that the defendant became intoxicated and violent. Plaintiff ordered defendant to leave. Whereupon, defendant did leave with a drink in one hand and a bottle of whisky in the other. The parties have not lived together since.
Mrs. Hughes also testified that several nights later Mrs. Sullivan telephoned and stated she was going to “divorce your no-good brother” and used obscene language. She testified further that she had on previous occasions seen Mrs. Sullivan drink excessively.
Defendant called five witnesses, who are her neighbors and social friends. They testified generally that they had never seen Mrs. Sullivan drink excessively and had not even heard her reputation for sobriety discussed. Some of these witnesses related that on social occasions both Mr. and Mrs. Sullivan drank, but not to excess.
Actually, Mr. Sullivan freely admits that he and his wife have a drink before dinner during the week and drink socially on the weekends. The record also shows that about four years ago he was convicted of driving while intoxicated.
LSA-C.C. Article 138, Par. 3, states that one of the grounds for separation from bed and board is “habitual intemperance * * * excesses * * * or such ill treatment * * * as to render their living together insupportable;”. The defendant cites Broderick v. Broderick, 191 La. 492, 186 So. 5, 120 A.L.R. 1173 (1939), for its holding that whether the habitual intemperance, ill-treatment, etc. is “insupportable”, depends on the living conditions and habits of the parties during the marriage. What is “insupportable” to a person of quiet habits, who totally abstains from liquor, may not be “insupportable” to a person who regularly drinks with his spouse at nightclubs or on other social occasions.
The trial judge concluded that plaintiff failed to prove the alleged acts were “insupportable”. He held as follows:
“There is no question that Mr. Sullivan has abandoned his wife; however, he contends that his wife is addicted to strong drink and that he was justified in leaving.
“After considering the testimony of the witnesses presented, the court is of the opinion that Mr. Sullivan has failed to prove by a fair preponderance of the evidence that his wife is guilty of drinking to excess. This is not to say that the court does not believe Mr. Sullivan and members of his family who claim that Mrs. Sullivan drinks to excess; on the contrary, this is to say that the evidence on the other side of this question is just as strong and just as worthy of belief as Mr. Sullivan and his witnesses.
“At least five ladies, all good citizens of this community and all having considerable personal knowledge of Mrs. Sullivan testified that Mrs. Sullivan does not drink to excess and that if she did, they feel they would know . about it. The burden of proof is on Mr. Sullivan to establish his contention with regard, to Mrs. Sullivan’s drinking and he has failed to carry this burden of proof.
“The other allegations and evidence of Mr. Sullivan concerning Mrs. Sullivan’s conduct do not constitute grounds for legal separation, in the opinion of this court.”
We are unable to find that the trial judge was manifestly erroneous, par *201 ticularly in view of the fact that an evalúation of the evidence depends to some extent on the credibility of the witnesses, which must be left largely to the trial judge.
Plaintiff’s principal argument on appeal is that his. witnesses testified affirmatively to specific occasions of excessive drinking and ill-treatment. Whereas, the testimony of defendant’s witnesses was negative, i. e., they simply said they had never seen Mrs. Sullivan drink excessively. He urges the rule of evidence that positive testimony is entitled to greater weight than negative. Even applying this well recognized rule, we are unable to find manifest error on the part of the trial judge.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.